IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cheryl Hughes, individually and as Guardian ad Litem for Victoria Kirby, a minor, | ) ) ) ) | Civil Action No.: 4:07-cv-01931-RBH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Mary Jane Enterprises, Inc., d/b/a Huddle House of Florence, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on plaintiff's [6] motion to remand which was filed on July 31, 2007. No response has been filed to the motion.

The court has reviewed the record and the stipulation of counsel. For the reasons set forth below, the court determines that remand is appropriate. Plaintiff, a South Carolina citizen, sued the defendant corporation, allegedly a Georgia corporation, arising out of personal injuries received at a Huddle House restaurant operated by the defendant. Plaintiff originally filed this action in the Court of Common Pleas, Florence County, South Carolina, on June 11, 2007. On July 10, 2007, the defendant removed the action based upon diversity jurisdiction. Plaintiff filed the motion to remand on July 31, 2007. Although the Complaint requests an unspecified amount of actual and punitive damages, Plaintiff's counsel has filed a stipulation attached to her motion to remand that the amount in controversy does not exceed $74,999.99 and that the plaintiff agrees to reduce any judgment in excess of $74,999.99 to $74,999.99 and mark any excess as having been satisfied

The removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. Mulcahey v. Columbia Organic Chem Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994);

McGraw v. FD Services, Inc., 811 F.Supp. 222, 223 (D.S.C. 1993). The burden is on the defendants to prove a case was properly removed. Mulcahey, 29 F.3d at 151; Bennett v. Bally Mfg. Corp., 785 F.Supp. 559, 560 (D.S.C. 1992); Hinks v. Associated Press, 704 F.Supp. 638 (D.S.C. 1988). Although the precise nature of defendants' burden "is a subject of much controversy," Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993), the court finds that it need not resolve this issue because under any standard of proof, the court is convinced that plaintiff's stipulation reveals that the court lacks subject matter jurisdiction. The Court also notes that the defendant has not filed a response to the motion to remand.

Because the plaintiff's post-removal clarification is permissible and should be given effect, it is clear that the jurisdictional amount cannot be satisfied. "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). Thus, this court concludes it lacks subject matter jurisdiction over this case.

Accordingly, the action is remanded to the Court of Common Pleas, Florence County, South Carolina. A certified copy of this Order of remand shall be mailed by the Clerk of this court to the Clerk of the Court of Common Pleas, Florence County, Twelfth Judicial Circuit of South Carolina.

**IT IS SO ORDERED**.

          s/ R. Bryan Harwell
          R. Bryan Harwell
          United States District Judge

October 2, 2007
Florence, South Carolina